Borden LP v TPG Sixth St. Partners (2019 NY Slip Op 04465)





Borden LP v TPG Sixth St. Partners


2019 NY Slip Op 04465


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9545 657398/17

[*1]Borden LP, Plaintiff,
v
TPG Sixth Street Partners, et al., Defendants.
TPG Sixth Street Partners, LLC, et al., Third-Party Plaintiffs-Appellants,
v
Michael Borden, et al., Third-Party Defendants-Respondents, Smudge Monster, LLC, Third-Party Defendant.


Clarick Gueron Reisbaum LLP, New York (Gregory A. Clarick of counsel), for appellants.
Eisner, LLP, New York (Simon Miller of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered January 3, 2019, which, to the extent appealed from, granted third-party defendants Michael Borden's and PRS1000, LLC's motions to dismiss the third-party complaint as against them, unanimously reversed, on the law, with costs, and the motion denied.
The third-party complaint alleges facts sufficient to support a finding that third-party defendants Michael Borden and PRS1000 had a sufficiently close relationship with the signatories of the subject agreement to confer on the court personal jurisdiction over them pursuant to the agreement's jurisdiction clause (see Universal Inv. Advisory SA v Bakrie Telecom Pte., Ltd., 154 AD3d 171, 179 [1st Dept 2017]). In light of the facts alleged, the clause in the agreement stating that no third parties had any rights or obligations under the agreement does not, without more, preclude a finding of "close relationship" (see id.).
The third-party complaint sufficiently alleges that Michael Borden, plaintiff debtor Borden LP's controlling person and manager, was a beneficiary of the fraudulent conveyance to a sham company (PRS1000) created by him solely for the purpose of depriving third-party plaintiffs of the collateral for their loan (see ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 229 [2011]).
The third-party complaint sufficiently alleges that Michael Borden, who caused plaintiff debtor to make a sub-market sale of its principal assets to a shell company owned solely by Michael Borden, tortiously interfered with plaintiff's contract with
third-party plaintiffs (see Island Two LLC v Island One, Inc., 2013 WL 5380216, *3, 2013 US Dist LEXIS 138963, *11-12 [SD NY Sept. 26, 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK